UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANCE HULLUM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil No. 16-10076-LTS |
| | ) |
| CAROL H. O'BRIEN, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ORDER ON MOTION FOR AN EVIDENTIARY HEARING (DOC. NO. 13)
AND MOTION TO DISMISS (DOC. NO. 14)

July 12, 2016

SOROKIN, J.

Lance Hullum, a prisoner at the Massachusetts Correctional Institution at Cedar Junction
in Walpole, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  Doc. No. 1.[1]  In his petition, Hullum levies two challenges to a guilty plea he
entered seventeen years ago.  Hullum also requests an evidentiary hearing to further develop his
claims.  Doc. No. 13.  The respondent has moved to dismiss the petition, arguing it is a "second
or successive" petition for which Hullum needs, but has not obtained, permission from the Court
of Appeals before prosecuting in this Court.  Doc. No. 14.  Because the respondent is correct and
this Court presently lacks jurisdiction over Hullum's claims, the petition is dismissed without
prejudice.

---

[1] Cites to "Doc. No. __" are to documents appearing on the Court's electronic docketing system;
page cites within such citations are to the numbers appearing at the top of those documents in the
ECF header.

I.      BACKGROUND

On April 5, 1999, Hullum appeared before the Norfolk County Superior Court and pled guilty to assault and battery with a dangerous weapon.  Doc. No. 1 at 2-3.  He was sentenced to a term of imprisonment of six months and one day, to run consecutively to a sentence he then was serving.  Id. at 2.  Days later, Hullum filed a pro se motion seeking to withdraw his guilty plea.  See Doc. No. 1-1 at 31.  His motion was denied, the denial was affirmed summarily on appeal, and the Supreme Judicial Court denied review.  Id. at 31-32; see Commonwealth v. Hullum, 751 N.E.2d 934 (Mass. App. Ct. 2001), appeal denied, 757 N.E.2d 729 (Mass. 2001).

In August 2001, Hullum filed a timely federal habeas petition raising the same claims he had litigated in his state-court post-conviction proceedings.  See Hullum v. Maloney, No. 01-cv-11414-RWZ, 2002 WL 31112191, at *1 (D. Mass. Sept. 23, 2002); Doc. No. 1 at 3-4.  Another session of this Court denied Hullum's petition on its merits, the First Circuit affirmed, and the Supreme Court denied certiorari.  Hullum, 2002 WL 31112191, at *1; see Hullum v. Maloney, 105 F. App'x 278 (1st Cir. 2004), cert. denied, Hullum v. Dennehy, 543 U.S. 992 (2004).

Hullum filed this, his second, federal habeas petition in January 2016.  Doc. No. 1.  In it, he asserts a breach of his guilty plea agreement based on an allegation that he bargained for "a six years from [and] after sentence to run after" his preexisting twenty-to-thirty-year sentence, but that prison officials "modified the sentence into an aggregated sentence" after his plea.  Id. at 6.  Hullum also claims that the indictment to which he pled guilty was defective because the grand jury returned it after hearing insufficient evidence of an element of the offense.[2]  Id. at 8.

---

[2] In explaining why he believes his petition is timely, Hullum urges that his breach-of-plea-agreement claim did not accrue until the date on which his original sentence was set to expire – May 4, 2015, per Hullum.  Id. at 14-15.  The Court notes that this does not explain waiting until

In March 2016, Hullum requested an evidentiary hearing "on the newness and

unavailableness" of his claims, citing 28 U.S.C. § 2244(b).  Doc. No. 13.  In that motion, Hullum

argues that "a breach in a plea agreement is a miscarriag[e] of Justice and cannot stand," claims

that he "has pursued his rights diligently" but that "extraordinary circumstance[s] . . . stood in the

way" of advancing his claims earlier, and urges that the alleged breach of his plea agreement

"could not be raised until [the Massachusetts Department of Correction] refused to comply with

[the] plea contract."  Id. at 1-2.

The respondent moved for dismissal of Hullum's petition based on his previous federal

habeas proceeding and his failure to seek permission from the Court of Appeals before filing the

instant petition.  Doc. Nos. 14, 15.  Hullum opposed the motion to dismiss, citing the Supremacy

Clause and various inapposite decisions of the Supreme Court and the First Circuit.[3]

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes strict

limitations on a state prisoner's ability to present a "second or successive habeas corpus

application" in federal court.  28 U.S.C. § 2244(b).  Claims litigated in previous federal habeas

petitions are subject to immediate dismissal.  § 2244(b)(1).  Claims not previously litigated, but

presented after an earlier federal petition attacking the same judgment of conviction has been

---

now to pursue a challenge to the indictment.  Questions of timeliness, however, are not properly
before the Court at this time.

[3] None of the cases Hullum cites have any bearing on the propriety of filing an unauthorized
second or successive habeas petition.  See Doc. No. 16 at 1 (citing McQuiggan v. Perkins, 133 S.
Ct. 1924 (2013) (holding "that actual innocence, if proved, serves as a gateway through which a
petitioner may pass" to overcome procedural bars or expiration of the limitation period
applicable to federal habeas petitions), Bemis v. United States, 30 F.3d 220 (1st Cir. 1994)
(finding breach-of-plea-agreement claim can be brought in habeas petition, but dealing with
§ 2255 proceedings and not addressing prerequisites for filing a second-or-successive petition),
and Aponte v. Holder, 683 F.3d 6 (1st Cir. 2012) (reviewing a decision by the Board of
Immigration Appeals dismissing an alien's appeal from a final order of removal)).

resolved, may be presented only if strict standards are met and specific procedures are followed.

§ 2244(b)(2).  In order to pursue such claims, a prisoner either must demonstrate reliance "on a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable," or must show that:

> (i) the factual predicate for the claim could not have been discovered previously
> through the exercise of due diligence; *and* (ii) the facts underlying the claim, if
> proven and viewed in light of the evidence as a whole, would be sufficient to
> establish by clear and convincing evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the underlying
> offense.

§ 2244(b)(2)(A)-(B) (emphasis added).

In addition, and most importantly for present purposes, the AEDPA requires a prisoner

who wishes to pursue such claims to "move in the appropriate court of appeals for an order

authorizing the district court to consider [a second or successive] application."  § 2244(b)(3)(A).

"Under this paradigm, a second or successive habeas petition is not a matter of right – and the

gatekeeping function belongs to the court of appeals, not to the district court."  Libby v.

Magnusson, 177 F.3d 43, 45 (1st Cir. 1999).  "When the AEDPA is in play, the district court

may not, in the absence of proper authorization from the court of appeals, consider a second or

successive habeas application."  Id. at 46; accord § 2244(b)(4).

The First Circuit Local Rules describe the procedure to be followed by a prisoner who

wishes to present a second or successive habeas petition in this District.  Specifically, the

prisoner must file a formal motion for authorization accompanied by: a standard application form

available from the Court of Appeals "stating the new claim(s) presented and addressing how

Section 2244(b)['s] . . . standard is satisfied"; and copies of pleadings and decisions related to

previous habeas petitions, and relevant portions of the state court record.  1st Cir. Loc. R.

22.1(a).  The prisoner also must serve a copy of his application on the state attorney general.  1st Cir. Loc. R. 22.1(c).

In the petition now pending, Hullum attacks the same judgment of conviction he challenged in his previous federal petition.  <u>Compare</u> Doc. No. 1 at 2 (identifying Hullum's plea and sentence of April 5, 1999 as the relevant judgment), <u>with</u> Petition, ECF No. 1, <u>Hullum v. Maloney</u>, No. 01-cv-11414-RWZ (D. Mass. Aug. 13, 2001) (identifying the same judgment). His petition, therefore, constitutes a "second or successive habeas corpus application" within the meaning of § 2244.  He has not sought, let alone obtained, permission from the Court of Appeals to present a second or successive petition.  As such, this Court lacks jurisdiction over Hullum's present claims.  § 2244(b)(4).  It follows, then, that the Court need not – indeed, may not – conduct an evidentiary hearing related to Hullum's claims.  If Hullum wishes to pursue his new petition, he must follow the procedure described in § 2244(b)(3) and First Circuit Local Rule 22.1 (and summarized above).  Should the Court of Appeals find Hullum has satisfied the standard articulated in § 2244(b)(2) and issue an order granting him permission to move forward with one or both of his claims, he then may return to this Court for further consideration of such claims.

III.    <u>CONCLUSION</u>

For the foregoing reasons, Hullum's motion for an evidentiary hearing (Doc. No. 13) is

DENIED, the respondent's motion to dismiss (Doc. No. 14) is ALLOWED, and Hullum's

petition is DISMISSED without prejudice.[4]

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[4] Because "reasonable jurists" could not "debate whether . . . the petition should have been
resolved in a different manner," <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), and based on the
circumstances described above, no certificate of appealability shall issue.  There is no dispute
that Hullum previously litigated a federal habeas petition challenging the same judgment he
attacks now.  His failure to comply with § 2244(b)(3) and First Circuit Local Rule 22.1 leaves
this Court without jurisdiction to hear his claims at this time.